## 2316.   PRICE v. THE STATE.

The court erred in not granting a continuance.

Accusation of sale of liquor; from city court of Swainsboro—
Judge Mitchell.   October 22, 1909.

Argued February 21,—Decided April 6, 1910.

*Saffold & Larsen,* for plaintiff in error.

*A. S. Bradley, solicitor,* contra.

POWELL, J.   The defendant was charged with a misdemeanor.
He employed as his attorneys the firm of Saffold & Larsen, making
his arrangements with the senior member, with whom he was per-
sonally acquainted.   At the first term Mr. Saffold was absent from
court, on account of the serious illness of his son; and the defend-
ant moved for a continuance on this ground.   The court granted it,
but informed the defendant that no further continuance would be
granted on this ground, and advised him to put Mr. Larsen in
possession of the facts necessary to his proper defense.   At the
next term Mr. Saffold was kept away from the court by his own
illness.   The defendant had not taken the court's advice as to
conferring with Mr. Larsen.   He stated that he was not acquainted
with Mr. Larsen as he was with Mr. Saffold, and desired the latter
to conduct the defense personally.   Further, the defendant showed
as ground for continuance that he had an absent witness, a Mr.
Kight, who was detained at his home by providential causes.   The
court overruled the motion.

Whether we would hold that the judge abused his discretion in
overruling the motion on the ground as to the absence of Mr. Saf-
fold alone, we will not say.   Upon taking the two grounds together,
and especially considering the latter ground, we are constrained to
hold that the judge should have postponed the trial.   Touching the
witness Kight, there is no question as to the materiality of his
testimony, as to his being subpœnaed, and all that.   The State's
counsel defends the court's action, on the ground that it developed
that there was present in court, though not subpœnaed by the de-
fendant, a brother of the witness Kight, who probably would testify
to the same state of facts as the subpœnaed witness.   We do not
deem this sufficient.   It is true that ordinarily, when a party has
subpœnaed two or more witnesses to testify to the same fact or state
of facts, and one of them knows as much as the others, and no

reason appears why the jury would likely credit the one rather than the others, the court has a discretion as to continuing or refusing to continue the case for the absence of only one of the witnesses. But neither the State's counsel nor the court may choose the defendant's witnesses for him. The defendant had not subpœnaed Mr. Kight's brother; probably for reasons satisfactory to himself. He had subpœnaed Kight himself and there is no suggestion that the providential cause which kept him from court had arisen at the time he caused the subpœna to issue. The court had no right to say what virtually amounted to a ruling as follows: As his brother is here and probably knows as much of the transaction as does the Mr. Kight you have subpœnaed, take the one that is present. They were brothers, it is true, but it might have been good judgment to have relied on the testimony of one of them, and very bad judgment to have put the testimony of the other before the jury. There is often a vast difference in the credibility even of brothers. We do not know either of the brothers in the present case, but it is significant that although the defendant was forced to trial, he did not accept the offer to use as a witness the brother that was present.

If the defendant is innocent he ought to have a chance to prove it; if he is guilty we have no doubt that an Emanuel county jury will convict him again.        *Judgment. reversed.*